OPINION
{¶ 1} Christopher Stewart, the natural father of a male child denoted herein as T.M.P., is appealing the decision of the Champaign County Probate Court upholding the adoption of T.M.P. by his stepfather, finding that the consent of Mr. Stewart was not required for the adoption to occur. He brings to us the following two assignments of error:
 {¶ 2} "1. The verdict of the trial court was against the manifest weight of the evidence.
 {¶ 3} "2. Ohio Revised Code Section 3107.07 violates the due process and equal protection clauses of Article VIII of the Ohio Constitution and Ninth and Fourteenth Amendments of the U.S. Constitution."
 {¶ 4} We shall discuss the second assignment of error first. The part of R.C. 3107.07, which is attacked as being unconstitutional under both the state and federal constitutions, provides in pertinent part as follows:
 {¶ 5} "Consent to adoption is not required of any of the following: (A) a parent of a minor when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."
 {¶ 6} A careful review of the entire record in this case unmistakably reveals that the appellant did not raise this issue to the trial court. It is settled law that issues raised for the first time on appeal and not having been raised in the trial court are not properly before this court and will not be addressed. State v. Coleman (1980),37 Ohio St.3d 286, 294. Merillad v. Fulton Cty. Bd. of Commrs. (1991),73 Ohio App.3d 459, 463. On more than one occasion we have adhered to this rule. See, e.g., Searcy v. Super Eight Motel (Mar. 2, 1994), Montgomery App. No. 14065, unreported. This rule applies to constitutional issues raised for the first time on appeal as well as to any other issue. State v. Awan (1986), 22 Ohio St.3d 120. Moats v.Metropolitan Bank of Lima (1974), 40 Ohio St.2d 47, 49. The second assignment of error is overruled.
 {¶ 7} In analyzing the first assignment of error, we begin with the full text of the opinion of the trial court.
 {¶ 8} "A hearing was conducted on December 16, 2002 to determine whether the consent of the biological father, Chris Stewart, is required. The petitioner alleges it is not because Stewart has failed to communicate with the child for one year prior to the filing of the petition, without justifiable cause.
 {¶ 9} "The petitioner was present with his attorney, Brad C. Singer.
 {¶ 10} "Mr. Stewart was present with his attorney, Gregory Lind.
 {¶ 11} "There is no controversy over the fact that Mr. Stewart did not communicate with the child for the time frame alleged. The issue is whether the petitioner proved by clear and convincing evidence that the failure was without justifiable cause. Counsel also agree that the holding in In Re Adoption of Holcomb, 18 Ohio St.3d 361 (1985) is controlling. The Court agrees.
 {¶ 12} "William Pencil, the petitioner, testified as did Mindy Pencil, the mother of the child. Their testimony tended to establish that Mindy Pencil lived with the child at the home of her parents until about June 1998. Mr. Stewart acknowledged this in his testimony and said he visited with the child there. Mindy and William then moved to their current St. Paris address and lived there openly. They had a listed telephone until late 1999 when it was changed to unlisted because of crank calls from Mr. Pencil's students. Mindy's parents knew where the Pencils and the child had moved to and they, themselves, remained at their then residence. Their testimony further tended to establish that they did nothing to conceal their whereabouts from Mr. Stewart.
 {¶ 13} "Mindy's mother Verna Ilges, testified that after the first few months following the child's birth she never received any inquiries from Mr. Stewart concerning where the child was living. She did, however, testify that Mr. Stewart's mother contacted her about giving the child a Christmas gift but she never brought the gift to her. Mr. Stewart's mother and sister also testified that they have had contact with Mindy's parents concerning the child.
 {¶ 14} "The father, Chris Stewart, testified about his numerous attempts over the years to contact Mindy's parents. He asserts he has left numerous messages and has driven by their home and bought Christmas gifts for the child over the years which he still has and presented as Exhibit 1. to the court and which was accepted. The Court believes Mr.Stewart's testimony lacked credibility. (Emphasis added).
 {¶ 15} "The assertion is made that Mindy Pencil told Mr. Stewart and others that she did not want Mr. Stewart in the child's life. The argument is thus made that these statements constituted a significant interference with or discouragement of communication with the child. The Court is of the opinion that words of this nature, not acted on in any way, do not constitute anything `significant.' Also Mr. Stewart did not appear to the court to be of such a tender nature that such words would influence his actions.
 {¶ 16} "Therefore, the Court finds by clear and convincing evidence that Mr. Stewart's consent is not required because of his failure to communicate with the child as alleged.
 {¶ 17} "This is a final appealable judgment. The Chief Deputy Clerk shall furnish copies of this judgment entry to all parties and their attorneys and otherwise comply with Civil Rule 58(B).
 {¶ 18} "Judgment accordingly."
 {¶ 19} Our review of the record, including the transcript of the trial court's hearing, clearly shows that the only substantial evidence supporting Mr. Stewart's argument that he was unjustifiably prevented from communicating with the child is from his own testimony. As we noted above, the trial court found that this testimony lacked credibility.
 {¶ 20} As we have stated many times before, (See e.g., City ofDayton v. Ronald J. Versic (Mar. 15, 1996), Montgomery App. No. 15223, p. 6, unreported) it is settled law that credibility is for the trier of the facts and "where there exists competent and credible evidence supporting the findings and conclusions of the trial court, deference to such findings and conclusions must be given by the reviewing court."Myers v. Garson (1993), 66 Ohio St.3d 610, 614. As the Supreme Court of Ohio observed in Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, at 80: "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Such deference is particularly important in light of research that indicates that as much as "ninety percent of the total meaning of testimony is interpreted through non-verbal behavior, such as voice inflection, hand gestures, and the overall visual demeanor of the witness. The witness' choice of words accounts for only ten percent of the meaning of their testimony." State v. Evans (1993),67 Ohio St.3d 405, 410-411.
 {¶ 21} As stated before, we have reviewed the entire record and the transcript of the hearing, and we find therein substantial competent credible evidence that supports the finding and conclusion of the trial court. The grandmother of the child testified that she received no telephone calls from Mr. Stewart at any time (Tr. 55), and Mr. Stewart's own sister testified that she believed the last time he even attempted to call the grandparents would have been in 1999. (Tr. 48).
 {¶ 22} The further findings by the court are repeated in its opinion, and we find these clearly and convincingly support its judgment.
 {¶ 23} The first assignment of error is overruled, and the judgment is affirmed.
FAIN, P.J. and GRADY, J., concur.